**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1113
_____

ROBERT F. SKEFFERY,
AKA Howard Woodhouse,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A037-755-660)
Immigration Judge:  Honorable Andrew Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2015
Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: July 2, 2015)
_____

OPINION*
_____

PER CURIAM

      Robert F. Skeffery, a native and citizen of Jamaica, petitions for review of the

Board of Immigration Appeals' (BIA or Board) order denying his motion to reopen

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

deportation proceedings.  For the following reasons, we will dismiss in part and deny in part the petition for review.

Skeffery was placed in deportation proceedings in 1994, based on convictions for controlled substance violations.  He was deported in July 1996, but reentered the United States.  In 2003, he was convicted in Pennsylvania of committing additional crimes, including possession of marijuana and firearms offenses.  Skeffery successfully moved to reopen his proceedings, and the Government lodged an additional charge of deportability under former Immigration and Nationality Act (INA) § 241(a)(2)(C) [8 U.S.C. § 1227(a)(2)(C)] (providing that ("[a]ny alien who at any time after admission is convicted under any law of . . . possessing . . . a firearm . . . in violation of any law is deportable.").  In June 2007, Skeffery appeared pro se before an Immigration Judge (IJ), who found him deportable as charged and ineligible for relief.  Skeffery waived appeal.[1]

In October 2013, Skeffery filed a motion to reopen the proceedings, arguing that his waiver of his right to appeal was not knowing and that he was not informed of his

---

[1] In July 2007, Skeffery was again deported to Jamaica.  He returned to the United States in December 2009, and applied for entry using altered Canadian identification documents.  In 2013, he was convicted in the United States District Court for the Southern District of California of attempted entry after deportation.  See INA § 276 [8 U.S.C. § 1326].  The Government also placed Skeffery in removal proceedings on the grounds that he attempted to gain entry into the United States by fraudulently or willfully misrepresenting a material fact, INA § 212(a)(6)(C)(i) [8 U.S.C. § 1182(a)(6)(C)(i)], and that he did not have a valid, unexpired immigrant visa, § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)].  According to the Government, "[t]hose removal proceedings are separate and apart from the deportation proceedings at issue in the instant case and Mr. Skeffery's removal proceedings are ongoing."  Res'p's Br., 7 n.4.

eligibility for relief under former INA § 212(c) [8 U.S.C. § 1182(c)]. The IJ denied the motion, but the BIA remanded for further consideration in light of its decision in In re Abdelghany, 26 I. & N. Dec. 254, 260 n.11 (BIA 2014) (clarifying that "repeal of section 212(c) is inapplicable to any alien in *deportation* proceedings, even if those proceedings commenced after April 24, 1996, and even where a conviction providing a basis (or an additional basis) for deportability was entered on or after April 1, 1997."). On remand, the IJ found that Skeffery's motion to reopen was untimely and concluded that it was not appropriate to reopen the proceedings in the exercise of discretion. The IJ further explained that "[w]hile [Skeffery] may be statutorily eligible to apply for 212(c) relief . . ., he has not established that he warrants a favorable exercise of discretion."[2] The BIA upheld the IJ's decision, concluded that there was no basis for sua sponte reopening, and dismissed Skeffery's appeal. Skeffery filed a petition for review.

Under INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)], we have jurisdiction to review final orders of removal, including the denial of a motion to reopen any such final order.[3]

---

[2] The IJ "assign[ed] weight" to Skeffery's family ties in the United States, his residence in this country "for at least fifteen years," and letters of support from family and friends. The IJ concluded, however, that those factors were outweighed by Skeffery's "extensive criminal history" (which included eight controlled substance convictions and a firearms conviction) and "multiple unlawful reentries [which] demonstrate a flagrant disregard for the immigration laws of the United States."

[3] Skeffery argues that because he was placed in deportation proceedings in 1994, and the challenged final deportation order was entered in 2007, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) apply. See Bakhtriger v. Elwood, 360 F.3d 414, 417 n.2 (3d Cir. 2004) (stating that "[a]ll removal cases commenced before April 1, 1997, in which a final order of deportation was filed

3

See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006); Oliva-Ramos v. Att'y Gen., 694 F.3d 259, 270 (3d Cir. 2012) (stating that the decision to deny a motion to reopen is reviewed for abuse of discretion). But the jurisdiction-stripping provisions of INA § 242(a)(2) [8 U.S.C. § 1252(a)(2)] may limit or eliminate our jurisdiction to review such denials. For instance, "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority for which is specified under [relevant provisions of the INA] to be in the discretion of the Attorney General." INA § 242(a)(2)(B)(ii) [8 U.S.C. § 1252(a)(2)(B)(ii)]. In addition, when an alien is removable for having committed an offense enumerated in INA § 242(a)(2)(C), we lack jurisdiction to review a denial of a motion to reopen.[4] But the REAL ID Act of 2005 restored direct review of constitutional claims and questions of law presented in petitions for review of final removal orders. See Cruz, 452 F.3d at 246-47; INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)].

---

after October 30, 1996 are subject to the transitional rules."). But the Government correctly notes that, pursuant to the REAL ID Act of 2005, a challenge to an order of deportation in a "transitional rules" case is to be treated as if it had been filed under the Immigration and Nationality Act § 242 [8 U.S.C. § 1252]. See Gov't's Br., 2 n.2; see also Joseph v. Att'y Gen., 421 F.3d 224, 229 (3d Cir. 2005).

[4] One of the offenses enumerated in § 242(a)(2)(C) [8 U.S.C § 1252(a)(2)(C)] is INA § 237(a)(2)(C) [8 U.S.C. § 1227(a)(2)(C)], which is a recodification of § 241(a)(2)(C), the basis for Skeffery's deportability. Cf. McAllister v. Att'y Gen., 444 F.3d 178, 184 (3d Cir. 2006) (holding that the jurisdictional bar of § 242(a)(2)(C) applies when the "*actual basis* for the final order of removal was the alien's commission of one of the enumerated offenses.").

Initially, we note that Skeffery's petition for review is timely only as to the BIA's denial of his motion to reopen. See INA § 242(b)(1) [8 U.S.C. § 1252(b)(1)] (providing that a "petition for review must be filed not later than 30 days after the date of the final order of removal"). Therefore, we cannot review his claim that the IJ violated his due process rights by failing to notify him of eligibility for § 212(c) relief, under 8 C.F.R. § 1240.11(a)(2), during his June 2007 deportation hearing. Furthermore, to the extent that Skeffery challenges the Board's conclusion that he does not warrant the favorable exercise of discretion for relief under § 212(c), we lack jurisdiction. See INA § 242(a)(2)(B)(ii); INS v. St. Cyr, 533 U.S. 289, 325 (2001) (stating that the decision to grant or deny relief pursuant to former section 212(c) is a discretionary one).

Skeffery also asserts that reopening was warranted because Abdelghany rendered him eligible for § 212(c) relief. Although we retain jurisdiction to consider questions of law related to statutory eligibility for § 212(c) relief, see Lupera-Espinoza v. Att'y Gen., 716 F.3d 781, 785 (3d Cir. 2013), the IJ and the BIA did not assess Skeffery's eligibility. Instead, the IJ held that "while [Skeffery] may be statutorily eligible to apply for § 212(c) relief . . . he has not established that he warrants a favorable exercise of discretion." See INS v. Bagamasbad, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Moreover, there is no merit to Skeffery's argument that the IJ and the BIA improperly considered as an adverse factor his convictions that occurred after he was first ordered deported in 1995. Cf. Parcham v. INS, 769 F.2d 1001, 1005 n.2 (4th Cir. 1985)

5

(stating that "the Attorney General is entitled to consider the facts as they exist at the time he acts."); Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978) (noting that adverse factors in § 212(c) determination include recency of criminal record).  Finally, contrary to Skeffery's suggestion, we generally lack jurisdiction to review the BIA's refusal to reopen sua sponte because the Board's authority is committed to its unfettered discretion and there is no meaningful standard against which the exercise of that discretion can be judged.  See Cruz, 452 F.3d at 249-50.  Skeffrey does not meaningfully allege that the Board relied on an incorrect legal premise in declining to exercise its sua sponte authority to reopen.  See Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011).

For the foregoing reasons, we will dismiss the petition for review in part and deny it in part.